# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

DANIEL THOMPSON, JOSE NAVARRO, §
WILDER ANDINO and JOSUE SANDOVAL
    Plaintiffs,

V. § CIVIL ACTION NO. 4:17-cv-0919

DARRYL MURCHISON DESIGN, LLC,
d/b/a DARRYL & CO., and CHARLES
DARRYL MURCHISON,
    Defendants. § JURY DEMANDED

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Daniel Thompson, Jose Navarro, Wilder Andino and Josue Sandoval by Defendants Darryl Murchison Design, LLC d/b/a Darryl & Co, Charles Darryl Murchison, their subsidiaries and affiliated companies.

### Parties

1. Plaintiffs Daniel Thompson ("Thompson"), Jose Navarro ("Navarro"), Wilder Andino ("Andino"), and Josue Sandoval ("Sandoval") are former employees of Defendants, and were personally engaged in interstate commerce during their employment with the Defendants, and are represented by the undersigned.

2. Defendant, Darryl Murchison Design, LLC d/b/a Darryl & Co. ("Darryl & Co.") is a Texas limited liability company and is an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, Darryl & Co. is subject to the provisions of the FLSA. Darryl & Co.

was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant Darryl & Co. may be served through its registered agent, Charles D. Murchison at 3558 E. T.C. Jester Blvd., Houston, Texas 77018 or wherever he may be found.

3. Defendant, Charles Darryl Murchison ("Murchison") is an individual resident of the State of Texas and was an "employer" of the Plaintiffs as that term is defined by the FLSA. With respect to Plaintiffs, Murchison is subject to the provisions of the FLSA. Murchison was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant Murchison may be served at 3558 E. T.C. Jester Blvd., Houston, Texas 77018 or wherever he may be found.

### Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Specifically, Plaintiffs traveled

2

on interstate highways in the performance of their duties, used interstate communications in the performance of their duties. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

5. Plaintiff Daniel Thompson worked for Defendants as a driver and general laborer from September 28, 2016 until February 22, 2017. Thompson's duties included, but were not limited to, driving a company truck to various locations around Houston and surrounding areas, setting up furniture, e.g., tables, chairs, custom made bars and other furnishings for weddings, corporate events, private parties, sponsorships and larger events like the recent 2017 Super Bowl. Thompson also loaded and unloaded furniture and equipment into trucks, worked on carpentry projects like building custom made bars and other furniture and did welding on site when needed. Thompson was also in charge of returning to location to dismantle the set-up at the end of each event. Plaintiff worked at various locations as assigned by Defendants. Plaintiff was provided with a company truck and all of the necessary tools, as well as the instructions needed to fulfill his job duties.

6. Plaintiff Jose Navarro worked for Defendants as a general laborer and decorator from November 19, 2014 until March 7, 2017. Navarro's duties included, but were not limited to, loading, unloading and setting up furniture, e.g., tables, chairs, custom made bars and other furnishings for large events, including weddings, corporate events, private parties, sponsorships and larger events like the recent 2017 Super Bowl. Navarro also decorated and assisted with set

3

up for the events, as well as returned to location to dismantle the set-up at the end of each event. Plaintiff worked at various locations as assigned by Defendants. Plaintiff was provided with all of the necessary tools, as well as the instructions needed to fulfill his job duties.

7. Plaintiff Wilder Andino worked for Defendants as a driver and general laborer from November of 2016 until March 7, 2017. Andino's duties included, but were not limited to, driving a company truck to various locations around Houston and surrounding areas setting up furniture, e.g., tables, chairs, custom made bars and other furnishings for weddings, corporate events, private parties, sponsorships and at larger events like the recent 2017 Super Bowl. Andino also loaded and unloaded furniture and equipment into trucks, worked on carpentry projects like building custom made bars and other furniture and did welding on site when needed. Andino was also in charge of returning to location to dismantle the set-up at the end of each event. Plaintiff worked at various locations as assigned by Defendants. Plaintiff was provided with a company truck and all of the necessary tools, as well as the instructions needed to fulfill his job duties.

8. Plaintiff Josue Sandoval worked for Defendants as a general laborer and decorator from April 1, 2016 until January 26, 2017. Sandoval's duties included, but were not limited to, loading, unloading and setting up furniture, e.g., tables, chairs, custom made bars and other furnishings for large events, including weddings, corporate events, private parties, sponsorships and at larger events like the recent 2017 Super Bowl. Sandoval also decorated and assisted with set up for the events, as well as returned to location to dismantle the set-up at the end of each event. Plaintiff worked at various locations as assigned by Defendants. Plaintiff was provided with all of the necessary tools, as well as the instructions needed to fulfill his job duties.

9. Charles Darryl Murchison is the owner and control person of Darryl Murchison

Design, LLC d/b/a Darryl & Co., and has the ability to affect the daily conditions of employment of the company's employees. Murchison hired, fired and set pay policies and structures for employees. Murchison is and/or was thus the "employer" of Miranda and his co-workers under the terms and definitions of the FLSA, and is severally liable to Miranda and those similarly situated to him for the damages sought herein.

10. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

11. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

12. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

**Plaintiffs' Individual Allegations**

13. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiffs the required overtime premium in many workweeks that the Plaintiffs were employed by Defendants, as the Plaintiffs worked in excess of 40 hours in many weeks they worked for the Defendants. Plaintiffs were paid on an hourly rate basis, but were not paid premium pay for hours worked over 40.

14. No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

15. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendants.

16. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

17. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

18. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
[vijay@buenkerlaw.com](mailto:vijay@buenkerlaw.com)
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS**